UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRICK A. GORDON,

      Plaintiff,

v.                                                          Case No.  5:17cv129/MCR/CJK

D. W. MADDOX, et al.,

      Defendants.

_____/

REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  Upon review of the complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

      Plaintiff is an inmate of the Florida Department of Corrections currently confined at Northwest Florida Reception Center (NWFRC).  (Doc. 1).  Plaintiff is suing Centurion, LLC, and six prison officials at NWFRC, claiming violation of his Eighth Amendment rights in February 2017, when he was exposed to an unsafe condition in his cell, was injured as a result of that condition, and was denied

adequate medical treatment for his injuries.[1]  (Doc. 1).  As relief, plaintiff seeks $100,000 in compensatory damages against each defendant, $100,000 in punitive damages against each defendant, and any other relief the court deems just and equitable.  (Doc. 1, pp. 1-10).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Reviewing plaintiff's complaint, on page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question:  "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 4 in ECF).  Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "No", and disclosed no cases.  Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question:  "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 4 in ECF). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question

---

[1] Plaintiff alleges that "the metal bed on the lower bunk . . . was rusted and coming loose from the bolt in the wall", and that one day when he was climbing down from the upper bunk, the lower bunk "broke away from the screw in the wall", and he fell to the floor injuring his elbow and back.

(B), plaintiff marked "Yes", and disclosed a case he filed in this court in October 2016:  *Gordon v. May*, Case No. 5:16cv289-WTH-EMT, wherein he claimed that one or more officers at NWFRC used excessive force on him and that the conditions of confinement at NWFRC pose an unreasonable risk of assault by staff and other inmates.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes", and disclosed the following four cases he filed in the United States District Court for the Middle District of Florida:

- *Gordon v. State of Florida*, Case No. 6:02cv447-PCF-KRS, a habeas corpus action plaintiff filed in 2002;

- *Gordon v. Raines*, a civil rights action plaintiff filed in 1999, which the court has been able to identify as Case No. 6:99cv560-KRS;

- *Gordon v. State of Florida*, Case No. 6:03cv1542/GKS-DAB, a second habeas corpus petition plaintiff filed in 2003; and

• *Gordon v. Schlofman*, Case No. 3:09cv823-JJC-TBT, a civil rights action plaintiff filed in 2009.

(Doc. 1, pp. 5-6 in ECF). Plaintiff disclosed no other cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No", and disclosed no cases. (*Id.*). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 10 in ECF). Thus, plaintiff has, in effect, stated that at the time he filed his complaint, he had not initiated any other action in federal court that was dismissed prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior

filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury) The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, he had initiated a previous civil action in federal court that required disclosure. On June 1, 1999, plaintiff, while incarcerated at Columbia Correctional Institution, filed a civil rights action in the United States District Court for the Middle District of Florida against the Sanford Police Department. *See Gordon v. Sanford Police Dep't*, Case No. 6:99cv649-ACC. The case was dismissed on July 16, 1999, prior to service, for plaintiff's failure to comply with an order of the court requiring him to amend his complaint. *See* Case No. 6:99cv649-ACC at Docs. 4, 6. The Middle District case may be positively identified as having been filed by plaintiff because it bears his name and Florida Department of Corrections Inmate Number, 777555. Plaintiff did not disclose this prior civil action despite the complaint form's clear instructions that all prior cases must be disclosed. Plaintiff cannot claim he did

not remember this case, because he disclosed his other Middle District case filed in 1999. In addition, plaintiff identified Case No. 6:99cv649 in his original complaint filed in Case No. 5:16cv289, last October. *See* Case No. 5:16cv289-WTH-EMT, Doc. 1, p. 7.

       The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 4 in ECF). If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false response to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the

court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 10th day of May, 2017.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.